UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GLORIA C.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 25-11400<br>Honorable Laurie J. Michelson<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [14], OVERRULING PLAINTIFF'S OBJECTIONS [16], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9], AND AFFIRMING THE DECISION OF THE COMMISSIONER**

Gloria C.[1] applied for disability insurance benefits from the Social Security Administration in 2019, reporting hearing loss and other complications from Meniere's disease and tinnitus. Her application was denied. She appealed that decision to an administrative law judge who affirmed that denial. So she appealed to this Court in 2021. The Court remanded the case, finding that the ALJ overlooked some of the work restrictions identified by the agency's medical expert when estimating Gloria's residual functional capacity. On remand, the Appeals Council

[1] Consistent with guidance regarding privacy concerns in Social Security cases by the Judicial Conference Committee on Court Administration and Case Management, this District has adopted a policy to identify plaintiffs by only their first names and last initials. *See also* Fed. R. Civ. P. 5.2(c)(2)(B). Thus, the Court will refer to the claimant by her first name.

ordered another hearing before a new ALJ. The second ALJ also denied Gloria's application. The Appeals Council denied review of that decision, making the second ALJ's decision final for present purposes.

Gloria then filed this lawsuit challenging the Commissioner of Social Security's determination that she is not disabled. (ECF No. 1.) Magistrate Judge Anthony P. Patti, to whom all pretrial matters were referred (ECF No. 7), recommends affirming the Commissioner's decision. (ECF No. 14.) Gloria objects. (ECF No. 16.) For the reasons that follow, the Court overrules Gloria's objections and accepts Judge Patti's recommendation. Accordingly, the Commissioner's motion for summary judgment is granted and Gloria's motion for summary judgment is denied.

**I.**

Gloria C. is a 57-year-old woman who has sensorineural hearing loss, tinnitus, and Meniere's disease—an inner ear disorder causing hearing loss and numbness in her hands and fingers. (ECF No.4-1, PageID.164.) Prior to her alleged onset date of March 7, 2019, she worked as a dental assistant and a dental office manager. (*See id.* at PageID.631.) In April 2019, she petitioned for Social Security disability benefits. (*See, e.g.*, *id.* at PageID.491.) Gloria's application was denied at the initial level. (*Id.* at PageID.97–114.) She requested and received a hearing before an administrative law judge who upheld the initial decision in August 2020, finding that Gloria was not disabled at Step 5. (*Id.* at PageID.491.) The Appeals Council denied review of that decision. (*Id.* at PageID.14–17.) So Gloria filed her first lawsuit in this Court. (*Id.* at PageID.14–19, 540–545.) After cross motions for summary judgment, District Judge

Terrence G. Berg reversed the Commissioner's finding that Gloria was not disabled and remanded the case for further proceedings. *See Gloria v. Social Security Administration*, No. 21-11684, ECF No. 21 (E.D. Mich Sept. 29, 2022).[2] Judge Berg found that the ALJ failed to explain why she departed from some of the work restrictions proposed by the agency's consulting physician, Dr. Abassi, in her analysis at Step 4. *Id.* at PageID.530–535. Specifically, Abassi testified that Gloria could balance "occasionally" and recommended Gloria avoid "moderate noise," while the ALJ found that Gloria had the capacity to balance "frequently" and *could* tolerate "moderate noise," but did not describe her departure from Abbasi's findings. (*Id.*)

That remand led to another ALJ hearing. (ECF No. 4-1, PageID.515–519.) On July 12, 2023, a different ALJ, David Mason, Jr., conducted an administrative hearing at which Gloria, her attorney, and a vocational expert (VE) appeared. (*Id.* at PageID.424–472.) Mason issued a decision adverse to Gloria on September 20, 2023. (*Id.* at PageID.400–422.) Relying primarily on the testimony of the VE, Mason found that notwithstanding her impairments, Gloria "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and thus denied her claim at "step 5" of the disability determination analysis. (*Id.* at PageID.49); *see also Scheuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520) (detailing the five-step sequential analysis for disability determinations).) Gloria sought review of

---

[2] Despite this Court's Local Rule 83.11(b)(7)(A)(i), petitioner neglected to identify this as a companion case on the complaint.

the ALJ's decision by the Appeals Council, which was denied, because the Council found "no reason under [its] rules to assume jurisdiction." (ECF No. 4-1, PageID.392.)

That brought the case back to this Court in April 2025. (ECF No. 1.) After cross motions for summary judgment (ECF Nos. 9, 11), Judge Patti recommends upholding the Social Security Administration's denial of benefits (ECF No. 14). Gloria filed objections (ECF No. 16), to which the Commissioner did not respond.[3]

**II.**

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

In conducting de novo review in this case, the Court must affirm a finding by the ALJ if it is both supported by substantial evidence and complies with the procedural rules governing disability determinations. *See Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011); *see also* 42 U.S.C. § 405(g). "Substantial evidence" is "such relevant evidence as a reasonable minds might accept as adequate to support a conclusion." *Alexander R. v. Commissioner of Soc. Sec.*, No. 24-12318, 2025 WL

[3] Pursuant to Gloria's motion to extend her time to object (ECF No. 11), to which the Commissioner consented, the Court extended Gloria's objection timeline by five days and limited the Commissioner's time to respond to 10 days. (*See* Text-Only Order dated September 8, 2026.) The Commissioner's time to respond thus expired on September 24, 2026.

2398636, at *1 (E.D. Mich. July 31, 2025), *report and recommendation adopted*, No. 24-12318, 2025 WL 2394872, at *1 (E.D. Mich. Aug. 18, 2025).

**III.**

Gloria raises two overlapping objections that arise from the same issue: the VE testified that Gloria could no longer work as a dental assistant because the noise levels of drilling and ultrasonic cleaning tools used in dental practices would cause pain in her ears. Alternatively, the VE found other more quiet jobs in the market that Gloria is qualified for, specifically, the work of a router and information clerk. But Gloria points out that these roles have the same noise classification in the DOT Selected Characteristics of Occupations Dictionary (SCO) as the dental assistant position: "Level – 2 Quiet." Said another way, these roles would be just as noisy. This, Gloria says, renders the VE's testimony unreliable and the ALJ's reliance on it unreasonable.

Judge Patti considered these arguments at length, and the Court concurs with his analysis. (ECF No. 14, PageID.1078–1086.) Gloria's objections to that analysis fail to persuade.

**A.**

First, Gloria challenges Judge Patti's finding that the ALJ reasonably relied on the VE's testimony, pointing to the purported conflict between the ALJ's finding that Gloria cannot perform the Level-2 Quiet role of dental assistant, but could perform *other* Level-2 Quiet roles. (ECF No. 16, PageID.1093.)

As Judge Patti explained (ECF No. 14, PageID.1081), the mere fact that these three roles have the same DOT noise level classification does not, in fact, mean their noise levels are identical. At the first ALJ hearing, the VE testified that the noise levels associated with being a dental assistant occur "roughly two-thirds of the day" and involve "complex instruction"—specific conditions that the record does not indicate are also present in the router or information clerk jobs. (ECF No. 4-1,PageID.64.) That is, while the noise levels at a router job and a dental assistant job might reach the same level, a dental assistant's office might be noisy for a longer duration.

What is more, Judge Patti explained the dental assistant position is especially inapt for Gloria because the "high frequency" noises often produced by dental equipment are particularly problematic for Gloria's ear pain. (*Id.* at PageID.95–96, 171, 206, 281.) The record is devoid of any evidence that the noises associated with the router and information clerk roles likewise include high-frequency sounds. And Gloria's counsel, who represented her at both the 2020 and 2023 hearings, did not raise this potential conflict in her cross examination of either VE. *See Peters v. Comm'r of Soc. Sec.*, No. 20-604, 2021 U.S. Dist. LEXIS 208960, at *32 (S.D. Ohio Oct. 29, 2021) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009) ("where the ALJ questions the VE, and the VE testifies that there is no conflict with the DOT, the Sixth Circuit has repeatedly held that the ALJ is under no further obligation to interrogate the VE, especially where the plaintiff is afforded a full opportunity to cross-examine the VE.").

As such, the ALJ's finding that Gloria could perform other Level 2-Quiet noise level jobs aside from dental assistant role was not inconsistent with the evidence in the record.

**B.**

Gloria's second objection flows from her first. She argues that Judge Patti independently conjured a reasonable explanation to resolve this conflict—not the Commissioner—improperly relieving the Commissioner of his burden to satisfy Step 5. (ECF No. 16, PageID.1095–1097.)

But the Commissioner *did* make the same points as Judge Patti, albeit with different language. (ECF No. 11, PageID.1060–1062.) True, Judge Patti more specifically considered the nature of the tools by a dental assistant and their high-frequency sounds in his analysis. (ECF No. 14, PageID.1081–1092.) Gloria takes issue with this, maintaining that her hearing issues were caused by noise in general, not just high-frequency noise. (ECF No. 16, PageID.1096.) But Gloria's own testimony and arguments admit that the high-frequency noises of the drills at a dentist's office were a primary issue. (*See id.* (summarizing evidence).) And where Gloria raised the claim that the ALJ's opinion was unsupported by substantial evidence in her motion for summary judgment (ECF No. 9, PageID.1043–1048), Judge Patti properly reviewed the record to see if there was such evidence. (ECF No. 14, PageID.1081–1083.) This is not, as Gloria suggests, equivalent to making arguments on the Commissioner's behalf. (ECF No. 14, PageID.1081.) *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("In determining the existence of

substantial evidence, this court must examine the administrative record as a whole.") (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981)).

And the record Judge Patti carefully reviewed supported the ALJ's decision. At the 2020 hearing, the VE explained that the problem with the dental assistant job is not the noise level per se, but the *duration* of exposure to elevated noise levels. (*Id.* ("Q: So if someone—you're saying the use of the sense of hearing in [the dental assistant job] and the – the frequency is – for hearing use would be – A: Frequent . . . That would preclude that job."); *see also id.* at PageID.65–66 (clarifying that in a hypothetical in which "noise level [is] not to exceed moderate as defined by the SCO and use of hearing on an *occasional* basis," Gloria could have performed past work (emphasis added)).)

At the 2023 hearing, ALJ Mason asked the new VE whether a person with Gloria's characteristics, whose "noise level should not exceed moderate as defined by the [SCO] and capable of [hearing] on an occasional basis" would be able to perform Gloria's past work.[4] The VE responded no. (ECF No. 4-1, PageID.454.) However, the VE did identify other jobs available in significant numbers in the economy that such an individual—that is, an individual who could hear on an *occasional* basis, but whose general noise level should not exceed moderate, could perform. (ECF No. 4-1, PageID.455.) The VE also identified positions Gloria could perform at a quiet noise level. (*Id.*) This provided substantial evidence to support the ALJ's decision. (*See* ECF

[4] Although the hearing transcript reads, "capable of carrying on an occasional basis," all agree this was a typographical error, and in fact should have read "capable of hearing on an occasional basis." (*See, e.g.*, ECF No. 14, PageID.1077.)

No. 4-1, PageID.409 (finding that Gloria can "tolerate a quiet noise level" as defined by the SCO and capable of "hearing on an occasional basis using a telephone.").) *See, e.g.*, *Norris v. Comm'r of Soc. Sec.*, 139 F.4th 541, 547 (6th Cir. 2025) ("The testimony of a qualified vocational expert may amount to substantial evidence.") (citing *Biestek v. Berryhill*, 587 U.S. 97, 105–108 (2019)). Thus, Gloria's second objection also fails.

**IV.**

Because the Commissioner's decision to deny Gloria's application for disability insurance benefits is supported by substantial evidence, Gloria's objections (ECF No. 16) are OVERRULED. As a result, Gloria's motion for summary judgment (ECF No. 9) is DENIED, the Commissioner's motion for summary judgment (ECF No. 11) is GRANTED, Magistrate Judge Anthony P. Patti's report and recommendation (ECF No. 14) is ADOPTED, and the ALJ's decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g).

SO ORDERED.

Dated: September 25, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE